Gregory Peacock, Esq. (SBN 277669)
**LAW OFFICE OF GREGORY PEACOCK**
4425 Jamboree Road
Suite 130
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorney for Plaintiff Blake Droz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE DROZ,<br><br>     Plaintiff,<br><br>     vs.<br><br>COUNTY OF SAN DIEGO; RICHARD FISCHER; and DOES 1 through 10, inclusive,<br><br>     Defendants. | Case No.  **'19CV1277 W   WVG**<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Violation of Fourth Amendment – Excessive Force;<br>2. Federal Municipal Liability Pursuant to 42 U.S.C. § 1983 - Failure To Property Train And For Failure To Properly Hire / Fire / Discipline.<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** Plaintiff Blake Droz and shows this honorable court the following:

### JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

COMPLAINT FOR DAMAGES
1

2. As the incidents complained of in this action occurred in the County of San Diego, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Blake Droz, hereinafter referred to as "DROZ" or "Plaintiff DROZ", is a natural person, who, at all times complained of in this action, resided in the State of California.

4. Defendant County of San Diego, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5. Defendant Richard Fischer, hereinafter also referred to as "FISCHER", is, and at all times complained of herein, was, a peace officer employed by the San Diego Sheriff's Department, acting as an individual person under the color of state law, in his individual capacity and was acting in the course of and within the scope of his employment with Defendant COUNTY.

6. Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or police officers and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant COUNTY and/or otherwise employed by the San Diego Sheriff's Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained

of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

7.   At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the San Diego Sheriff's Department, and were acting in the course of and within the scope of their employment with defendant COUNTY.

8.   Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the San Diego Sheriff's Department and/or defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or

contributing to the creation of the policies and/or practices and/or customs and/or usages of the Carlsbad Police Department for, *inter alia*,: 1) for using excessive force on persons; and 2) covering up unlawful conduct by their peace officers; and 3) failing to properly train/hire/discipline their peace officers.

9. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriff and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the San Diego Sheriff's Department, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY.

10. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the San Diego Sheriff's Department and/or otherwise with defendant COUNTY[1].

11. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES
4

12. FISCHER and DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

13. FISCHER and Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

14. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(Against FISCHER and DOES 1 through 6, inclusive)**

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, inclusive, above, as if set forth in full herein.

16. On March 29, 2017, DROZ was a passenger in a taxi. The taxi picked DROZ up on Old Town San Diego and DROZ asked the driver to take him to Little Italy.

17. DROZ fell asleep in the back of the taxi and when he woke up, the taxi

driver was driving him through Carlsbad, California (dozens of miles in the wrong direction.)

18. DROZ demanded that the driver stop the vehicle and let him out of the vehicle.

19. The taxi driver apparently called "911" and alleged that DROZ refused to pay is fare and pointed a gun at the driver. It was apparently the driver's story that DROZ pointed the gun at the driver's head while refusing to pay the fare. It is alleged that DROZ then fled the scene of the taxi driver.

20. DROZ did not have a gun and did not threaten the driver. The driver likely said this to get the police to respond faster so that he could collect his fare.

21. Various Carlsbad Police Department officers responded to the call and requested that the San Diego Sheriff's Department provide a canine unit.

22. The various Carlsbad Police Department officers and FISCHER eventually found DROZ.

23. DROZ can be seen on various body worn cameras walking away from the officers.

24. When DROZ saw FISCHER and the canine, DROZ immediately went down to the ground as instructed.

25. After DROZ complied with the command to "get on the ground"

FISCHER released the canine. DROZ had surrendered himself and was following commands prior to FISCHER releasing the canine.

26. The canine immediately began biting DROZ.

27. FISCHER then jumped on top of DROZ and started punching DROZ while the canine was still biting him.

28. DROZ' right arm was pinned underneath and across his body. His right hand was extended out to his left side. His right arm and hand was in the mouth of the canine.

29. FISCHER continued to punch DROZ while continuously yelling, "show your hands" and "give me your right hand." DROZ' right hand was still in the jaws of the canine.

30. DROZ pleaded with FISCHER to release the canine and that he could not give FISHER his right hand.

31. The video shows that FISCHER allowed the canine to bite DROZ for approximately one minute and twenty three seconds.

32. During the one minute and twenty three second period, DROZ never posed a threat to the officers, or anyone else. DROZ had completely surrendered himself and was unable to give his right hand to FISCHER because his right hand was in the canine's mouth.

33. DROZ was then arrested and booked.

34. DROZ suffered serious injuries as a result of the canine attack.

COMPLAINT FOR DAMAGES

7

35. The County of San Diego was well aware of the unlawful and violent propensities of Richard Fischer, and failed to take any measures to protect the public from Deputy FISCHER.

36. On December 1, 2015, FISCHER was named as a Defendant in *K.P.P. v. County of San Diego*, et al., Case No.: 15-cv-02692-H-MDD. The lawsuit alleges that FISCHER violated the Fourth Amendment by using excessive force and ultimately causing the death of the decedent.

37. On January 18, 2018, FISCHER was named in an excessive force lawsuit for an incident that occurred in August of 2017. *See Jacobs v. Fischer*, Case No.: 37-2018-00002520-CU-PO-NC. The Plaintiff in Jacobs accused Fischer of using excessive force when FISCHER allowed his canine to unlawfully attack and bite Jacobs.

38. FISCHER has been named as a defendant for conduct performed while acting under the color of law:

    a) *T.D v. Richard Fischer*; Case No.: 37-2018-00039573-CU-CR-CTL;

    b) *Jane Doe v. Richard Fischer*; Case No.: 37-2018-00043222-CU-CR-CTL;

    c) *N.G. v. Richard Fischer*; Case No.: 37-2018-00039569-CU-CR-CTL;

    d) *A.H. v. Richard Fischer*; Case No.: 37-2018-00039565-CU-CR-CTL;

    e) *T.R. v. Richard Fischer*; Case No.: 37-2018-00031941-CU-CR-CTL;

    f) *A.W. v. Richard Fischer*; Case No.: 37-2018-00031676-CU-CR-CTL;

g) *D.F. v. Richard Fischer*; Case No.: 37-2018-00011823-CU-MC-CTL;

h) *S.H. v. Richard Fischer*; Case No.: 37-2018-00011257-CU-MC-CTL;

i) *P.S. v. Richard Fischer*; Case No.: 37-2018-00011252-CU-MC-CTL;

j) *T.M. v. Richard Fischer*; Case No.: 37-2018-00011250-CU-MC-CTL;

k) *D.N. v. Richard Fischer*; Case No.: 37-2018-00011220-CU-MC-CTL;

l) *P.B. v. Richard Fischer*; Case No.: 37-2018-00011218-CU-MC-CTL;

m) *D.A. v. Richard Fischer*; Case No.: 37-2018-00011202-CU-MC-CTL;

n) *C.M. v. Richard Fischer*; Case No.: 37-2018-00011150-CU-MC-CTL;

o) *M.Y. v. Richard Fischer*; Case No.: 37-2018-00049654-CU-MC-CTL;

p) *C.P. v. Richard Fischer*; Case No.: 37-2018-00048239-CU-MC-CTL;

q) *T.S. v. Richard Fischer*; Case No.: 37-2018-00047110-CU-MC-CTL;

r) *L.R. v. Richard Fischer*; Case No.: 37-2018-00047075-CU-MC-CTL;

s) *K.P. v. Richard Fischer*; Case No.: 37-2018-00045448-CU-MC-CTL;

t) *Jane Doe v. Richard Fischer*; Case No.: 37-2019-00013034-CU-PT-CTL;

39. FISCHER has been criminally prosecuted for assault and battery by an officer. The criminal action alleges that on July 20, 2015, FISCHER inappropriately touched a female after he pulled her over.

COMPLAINT FOR DAMAGES

9

40. FISCHER has been criminally prosecuted for a second assault and battery by an officer. The criminal action alleges that on November 24, 2015, FISCHER touched a female arrestee's breasts after searching her three times.

41. FISCHER has been criminally prosecuted for a third assault and battery by an officer. The criminal action alleges that on January 3, 2016, FISCHER inappropriately touched a female after he handcuffed her.

42. FISCHER has been criminally prosecuted for a fourth assault and battery by an officer. The criminal action alleges that on February 29, 2016, FISCHER inappropriately touched the female.

43. FISCHER has been criminally prosecuted for a fifth assault and battery by an officer. The criminal action alleges that on October 20, 2016, FISCHER responded to a call for service and groped the female reporting party.

44. FISCHER has been criminally prosecuted for a sixth assault and battery by an officer. The criminal action alleges that on November 4, 2016, FISCHER inappropriately touched a female who had called for service regarding domestic violence.

45. FISCHER has been criminally prosecuted for a seventh assault and battery by an officer. The criminal action alleges that on November 26, 2016, FISCHER groped a female/reporting party's buttocks and breasts.

46. FISCHER has been criminally prosecuted for an eighth assault and battery by an officer. The criminal action alleges that on August 6, 2016, FISCHER inappropriately touched a female who had called "911" to report a burglary.

47. FISCHER has been criminally prosecuted for false imprisonment. The criminal action alleges that on May 3, 2017, FISCHER pulled over a female and offered to escort her home where he inappropriately touched her.

48. FISCHER has been criminally prosecuted for a ninth assault and battery by an officer. The criminal action alleges that on June 18, 2017, FISCHER pulled over a female and inappropriately touched her.

49. FISCHER is accused of inappropriately groping an intoxicated female suspect on September 7, 2017.

50. FISCHER has been criminally prosecuted for a tenth assault and battery by an officer as well as sexual battery. The criminal action alleges that on October 6, 2017, FISCHER responded to a call in which a female reported that her boyfriend threatened her. FISCHER is accused of grabbing her hand and rubbing it on his erect penis.

51. FISCHER has been criminally prosecuted for an eleventh assault and battery by an officer as well as sexual battery. The criminal action alleges that in March or April of 2017, FISCHER groped a female and force her to perform oral sex on him.

52.     Prior to March 29, 2017, DOES 7 through 10, inclusive, were aware of some of the specific complaints alleged above and failed to take any action to protect the public from FISCHER's unlawful and violent propensities.

53.     The actions of FISCHER and DOES 1 through 6, inclusive, as Complained of herein, constituted a violation of DROZ' rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful, unreasonable and excessive force on his person.

54.     As a direct and proximate result of the actions of Defendants FISCHER and DOES 1 through 6, inclusive, as complained of herein, DROZ: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $2,000,000.00.

55.     The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of DROZ' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant COUNTY, in an amount to be proven at trial which is in excess of $1,000,000.00.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
## FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (Against Defendant COUNTY)

56. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 55, inclusive, above, as if set forth in full herein.

57. As complained of herein above, the acts of Defendants FISCHER and DOES 1 through 6, inclusive, deprived DROZ of his rights under the laws of the United States and The United States Constitution.

58. The training policies of COUNTY were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted DROZ.

59. Specifically, COUNTY failed to adequately train its deputies on the circumstances in which the deployment of a canine is permissible as well as when the deputy must release a canine who is biting a suspect.

60. COUNTY also failed to discipline and/or terminate FISCHER after COUNTY learned of FISCHER's violent and unlawful propensities as described above.

61. COUNTY was deliberately indifferent to the obvious consequences of its failure to train, discipline and fire its peace officer employees.

62. The failure of COUNTY's to provide adequate training and failure to fire and/or terminate FISCHER caused the deprivation of DROZ' rights by Defendants FISCHER and DOES 1 through 6, inclusive.

63. COUNTY's failure to train is closely related to the deprivation of DROZ' rights as to be the moving force that ultimately caused DROZ' injuries.

64. As a direct and proximate result of the actions of defendants, and each of them, as complained of herein, Plaintiff DROZ: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00;
b) For a judgment against all defendants, save defendant COUNTY, for punitive damages in an amount in excess of $1,000,000.00;
c) For an award of reasonable attorney's fees and costs;
d) For a trial by jury; and
e) For such other and further relief as this honorable court deems just and equitable.

              ____/S/*Gregory Peacock*_____
              GREGORY PEACOCK