# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE DROZ,<br><br>                             Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                            Defendants. | Case No.:  19-CV-1277 W (WVG)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND [DOCS. 3, 4]** |

Pending before the Court are motions to dismiss filed by Defendants County of San Diego and Officer Richard Fischer. The Court decides the matters on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** the motions [Docs. 3, 4] with leave to amend.

**I.    BACKGROUND**

The following allegations are taken from the Complaint.

On March 29, 2017, Plaintiff Blake Droz was picked up by a taxi in Old Town San Diego, and he asked the driver to take him to Little Italy.  (*Compl.* [Doc. 1] ¶ 16.) "DROZ fell asleep in the back of the taxi and when he woke up, the taxi driver was

1

driving him through Carlsbad, California (dozens of miles in the wrong direction)." (*Id.* ¶ 17.) Droz demanded that the driver stop and let him out of the taxi. (*Id.* ¶ 18.)

At some point, the taxi driver called 911 and stated that Droz refused to pay the fare and pointed a gun at the driver's head. (*Compl.* ¶ 19.) Droz then allegedly fled the scene. (*Id.*)

Droz denies he had a gun and denies he threatened the driver. (*Compl.* ¶ 20.) However, Carlsbad Police Department officers responded to the call and requested support from a San Diego Sheriff's Department canine unit. (*Id.* ¶ 21.) Sheriff's Officer Richard Fischer responded to the call. (*See id.* ¶¶ 22, 24.)

Carlsbad Officers and Officer Fischer eventually found Droz, who was walking away from the officers. (*Compl.* ¶¶ 22, 23.) When Droz saw Officer Fischer with his canine, Droz "immediately went down to the ground as instructed." (*Id.* ¶ 24.) Despite complying with the officers' commands to "get on the ground," Officer Fischer released his canine, which began biting Droz. (*Id.* ¶¶ 25, 26.) Officer Fischer then jumped on Droz and started punching him while the canine was biting Droz's arm. (*Id.* ¶ 27.) After approximately one minute and twenty-three seconds, the canine released Droz's arm, and Droz was arrested and booked. (*Id.* ¶¶ 31, 33.) Droz contends he suffered serious injuries as a result of the canine attack. (*Id.* ¶ 34.)

On July 10, 2019, Droz filed this lawsuit against Officer Fischer and the County of San Diego. The Complaint alleges causes of action for (1) violation of the Fourth Amendment under 42 U.S.C § 1983 against Officer Fischer, and (2) failure to properly train and discipline under 42 U.S.C. § 1983 against the County. Defendants now seek to dismiss the lawsuit on the basis that Droz's causes of action are time barred. The County also argues that Droz has failed to state facts supporting the cause of action for failure to train and discipline.

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007). But a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Complaints must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).

## III. DISCUSSION

Defendants argue Droz's lawsuit is time barred because it was filed more than two years after his arrest. (*Fischer P&A* [Doc. 3-1] 1:21–25; *County P&A* [Doc. 4-1] 2:1–5.) Droz responds that his lawsuit is timely because the statute of limitations was tolled during the pendency of his criminal proceedings. (*Opp'n* [Doc. 6] 2:8–13.)

As an initial matter, the parties agree that Droz's causes of action are subject to California's two-year statute of limitations for personal-injury claims. (*Fishcher P&A*

3

3:17–28; *County P&A* 4:4–18; *Opp'n* 5:2–9.) Additionally, Defendants do not dispute in their replies that under California Government Code § 945.3, the statute of limitations was tolled during the pendency of Droz's criminal case. (*See Fishcher Reply* [Doc. 11]; *County Reply* [Doc. 10].) Rather, Defendants argue that Droz's opposition improperly refers to documents attached to the opposition and that he failed to allege the necessary facts in the Complaint. (*Fishcher Reply* 2:14–3:13; *County Reply* 1:24–3:5.)

In order to avoid dismissal based on the statute of limitations, Droz must allege facts in the Complaint that demonstrate tolling applies. Udom v. Fonseca, 846 F.2d 1236, 1238 (9th Cir. 1988). Because Droz has failed to allege such facts, the Complaint must be dismissed.

However, in his opposition, Droz requests leave to amend the Complaint. Leave to amend shall be liberally granted unless the deficiencies in a complaint cannot be cured by additional pleading. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Because it appears that Droz will be able to plead facts demonstrating tolling, the Court will grant him leave to amend.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** the County and Officer Fischer's motions to dismiss [Docs. 3, 4] **WITH LEAVE TO AMEND**. In light of the finding that the claims are time barred, the Court need not decide the additional issues raised in the County's motion. Plaintiff shall have until **December 18, 2019** to file a First Amended Complaint.

**IT IS SO ORDERED**.

Dated: December 4, 2019

_____
Hon. Thomas J. Whelan
United States District Judge