UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE DROZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-CV-1277 W (WVG)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DOC. 15]** |

Pending before the Court is Defendant County of San Diego's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff Blake Droz opposes.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** the motion to dismiss [Doc. 15].

**I.　BACKGROUND**

The following allegations are taken from the First Amended Complaint ("FAC" [Doc. 13]).

1

On March 29, 2017, Plaintiff Blake Droz was picked up by a taxi in Old Town San Diego, and he asked the driver to take him to Little Italy.  (*FAC* ¶ 17.)  "DROZ fell asleep in the back of the taxi and when he woke up, the taxi driver was driving him through Carlsbad, California (dozens of miles in the wrong direction)."  (*Id.* ¶ 18.)  Droz demanded that the driver stop and let him out of the taxi.  (*Id.* ¶ 19.)

At some point, the taxi driver called 911 and stated that Droz refused to pay the fare and pointed a gun at the driver's head.  (*FAC* ¶ 20.)  Droz then allegedly fled the scene.  (*Id.*)

Droz denies he had a gun and denies he threatened the driver.  (*FAC* ¶ 21.)  However, Carlsbad Police Department officers responded to the call and requested support from a San Diego Sheriff's Department canine unit.  (*Id.* ¶ 22.)  Sheriff's Officer Richard Fischer responded to the call.  (*See id.* ¶¶ 23, 25.)

Carlsbad Officers and Officer Fischer eventually found Droz, who was walking away from the officers.  (*FAC* ¶¶ 23, 24.)  When Droz saw Officer Fischer with his canine, Droz "immediately went down to the ground as instructed."  (*Id.* ¶ 25.)  Despite complying with the officers' commands to "get on the ground," Officer Fischer released his canine, which began biting Droz.  (*Id.* ¶¶ 26, 27.)  Officer Fischer then jumped on Droz and started punching him while the canine was biting Droz's arm.  (*Id.* ¶ 28.)  After approximately one minute and twenty-three seconds, the canine released Droz's arm, and Droz was arrested and booked.  (*Id.* ¶¶ 32, 33.)  Droz contends he suffered serious injuries as a result of the canine attack.  (*Id.* ¶ 34.)

On July 10, 2019, Droz filed this lawsuit against Officer Fischer and the County of San Diego.  The Complaint alleges causes of action for (1) violation of the Fourth Amendment under 42 U.S.C § 1983 against Officer Fischer, and (2) failure to properly train and discipline under 42 U.S.C. § 1983 against the County.

On December 4, 2019, the Complaint was dismissed with leave to amend.  (*See Dismissal Order* [Doc. 12].)  Thereafter, Droz filed the FAC.  Defendant County of San

Diego now seeks dismissal, arguing that Droz has failed to state facts supporting the cause of action for failure to train and discipline. (*See P&A* [Doc. 15-1].)

## II.   LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007). But a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

Complaints must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).

## III.   DISCUSSION

The County seeks to dismiss Droz's *Monell* cause of action premised on its failure to properly train and discipline Officer Fischer.

"A municipality may not be held liable under [42 U.S.C. § 1983] solely because it employs a tortfeasor." Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (referencing Monell, 436 U.S. at 689–92). Instead, a plaintiff seeking to establish municipal liability under § 1983 must prove that his or her injury was the result of a municipal policy or custom. Id. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id. at 403–04.

However, a "local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights." Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). In order to establish a section 1983 claim against a local government entity for failing to act to preserve a constitutional right, the plaintiff must establish: (1) a county employee violated plaintiff's constitutional right; (2) the municipality had a policy or custom that amounts to deliberate indifference; and (3) the custom or policy is the moving force behind the constitutional violation. Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir.2006) (citing Gibson v. County of Washoe, 290 F.3d 1175, 1193-94 (9th Cir. 2002)). In the context of a failure to train claim, deliberate indifference can be proven "without showing a pattern of constitutional violations where 'a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." Id. (quoting Board of County Commissioners v. Brown, 520 U.S. 397, 409 (1997)).

Here, the County does not argue that Droz failed to satisfy the first or third elements of his failure to train claim. Instead, the County on the second element, is arguing that Droz "does not provide any factual support" for the claim that the County failed to adequately train its deputies. (*P&A* 6:21–24.) Specifically, it contends that Droz "does not specify what this training consisted of or failed to include[,] does not

include any factual allegations to support the conclusory assertion of deliberate indifference [and] does not identify any prior constitutional violations that resulted from any such inadequate training." (*Id.* 6:24–28.) The Court disagrees with each of these assertions.

Under the *Monell* cause of action, the FAC specifies what the County's training failed to include:

> The training policies of COUNTY were not adequate to train its police officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted DROZ.  [¶] Specifically, COUNTY failed to adequately train its deputies on *the circumstances in which the deployment of a canine is permissible as well as when the deputy must release a canine who is biting a suspect*.

(*Compl.* ¶¶ 58, 59 (emphasis added).)

The FAC's allegations also support an inference of deliberate indifference.  As set forth above, the FAC alleges that when Droz saw Officer Fischer with his canine, Droz "immediately went down to the ground as instructed." (*FAC* ¶ 25.)  Despite complying with the officers' commands and not posing "a threat to officers, or anyone else," Officer Fischer released his canine, which began biting Droz for approximately one minute and twenty-three seconds. (*Id.* ¶¶ 26, 27, 32.)  As a result of the canine attack, Droz contends he suffered serious injuries. (*Id.* ¶ 34.)  Clearly, canines represent an important part of an officer's arsenal, and they are capable of inflicting injuries on suspects.  Thus, reading all inferences in favor of Droz, it is highly likely that compliant suspects will be subjected to excessive force by the County's alleged failure to train officers on when to deploy a canine and when to order the canine to stop its attack.  See Long, 442 F.3d at 1185.  Finally, because an inference of deliberate indifference is reasonable under the FAC's allegations, Droz does not have to establish a pattern of constitutional violations.

//
//
//

//

### IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** the County's motion to dismiss [Doc. 15].

**IT IS SO ORDERED**.

Dated: May 20, 2020

_____
Hon. Thomas J. Whelan
United States District Judge