UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE DROZ,<br><br>                    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; RICHARD FISCHER; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.: 19-CV-1277-W-WVG<br><br>**ORDER ON JOINT MOTION TO CONTINUE DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

On November 6, 2020, the Parties filed a Joint Motion to Continue Discovery and Other Pre-Trial Proceedings ("Joint Motion"). (Doc. No. 25.) The Parties request a three-month continuance of the December 11, 2020 fact discovery cut-off and all other dates thereafter, as set forth in the operative July 22, 2020 Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Scheduling Order"). (Doc. No. 24.) The Parties represent "Defendants have diligently pursued discovery but numerous items are still outstanding." (Doc. No. 25, 1:10-11.) From there, the Parties explain that a three-month continuance of the relevant dates in the Scheduling Order is necessary due to the inadequacy of third-party responses to Defendant County of San Diego's ("County") subpoenas for documents. (*Id*., 1:10-17.) Specifically, the Parties note the County was

compelled to "reissue a subpoena which is still outstanding" from the Carlsbad Police Department for lack of sufficient response. (*Id.*, 1:11-14.) The Parties add the California Department of Corrections and Rehabilitation ("Corrections Department") has not yet responded to the County's subpoena, and the non-response was due to Blake Droz's ("Plaintiff") delay in authorizing the Corrections Department to produce his records. Further, the Parties contend the COVID-19 pandemic has caused "delays in discovery [that] have impeded and blocked the parties' ability to notice depositions." (*Id.*, 1:18-21.)

The Court DENIES without prejudice the Parties' Joint Motion. In doing so, the Court notes a few matters worthy of mention. First, the Court acknowledges the timeliness of the Joint Motion filing, which the Parties made sufficiently in advance of the December 11, 2020 fact discovery cut-off. The Parties' forethought offers the Parties sufficient time to better justify the basis for their continuance request, as explained below. Second, the Court recognizes the records Defendants seek from the Carlsbad Police Department and the Corrections Department are likely relevant to the claims and/or defenses at issue in this litigation. Based on the Parties' submission to the Court, Defendants' efforts to obtain such records and gain additional time to do so appear to be grounded in good faith. Third, the Court is inclined to grant the Parties' continuance request, albeit not for three months without a robust showing of why that amount of time is needed, particularly because Defendants do not appear to be at fault for the Carlsbad Police Department's insufficient subpoena response or the Corrections Department's ongoing non-response.

Notwithstanding the above, the Parties are bound by Rule 16(b) of the Federal Rules of Civil Procedure ("Rule 16(b)") in articulating their request for modification of the Scheduling Order, and their Joint Motion falls short of the legal standard. Rule 16(b) requires litigants to show good cause in moving the court to modify an operative scheduling order. Fed. R. Civ. P. 16(b). The good cause standard is informed by litigants' diligence in attempting to fully comply with the deadlines set by the Court. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002). Although they maintain they have

been diligent in their discovery efforts, the Parties fail to delineate exactly how they have done so. The Joint Motion glosses over what specific discovery efforts were made, when they were made, what their current status is, and why more time (three months to be exact) is needed to conclude fact discovery. Without such showing, the Court has no factual basis upon which it can conclude the Parties have diligently attempted to comply with the operative Scheduling Order. For this reason alone, the Court's consideration of the Joint Motion ends here.

Another circumstance relates to the Court's diligence inquiry and invites more factual context. The Parties note Plaintiff failed to timely authorize the Corrections Department to release his prison records in response to the County's subpoena. However, the Joint Motion is silent as to why Plaintiff waited until November 6, 2020 to provide such authorization. Indeed, the Joint Motion does not elucidate (1) the reason(s) Plaintiff refused or was not able to provide such authorization sooner; (2) what efforts, if any, Defendants made to meet and confer with Plaintiff over the matter; and (3) why the Parties did not contact this Court's Chambers regarding this discovery issue within 30 days of its emergence, consistent with Civil Chambers' Rule IV(A)-(B). Further, the Parties offer no explanation regarding why a three-month continuance of December 11, 2020 fact discovery cut-off is warranted, let alone a cascading three-month continuance of all other deadlines following the fact discovery cut-off. Without more, the Court cannot disturb the original deadlines which it set in the operative Scheduling Order and to which the Parties agreed to be bound.

Finally, the Court is not persuaded by the Parties' explanation for its delay in noticing depositions on account of "hindered communications and response times from outside parties" in light of the COVID-19 pandemic. (Doc. No. 25, 1:18-21.) Since the onset of the pandemic, litigants, counsel, and the judiciary alike have made concerted efforts to ensure litigation does not stall by embracing technology and keeping lines of communication generously open. In the hundreds of civil cases pending in this District, discovery has not waned simply because of the ongoing COVID-19 pandemic: written

discovery continues to be propounded as before, deposition notices, discovery responses, document productions, and subpoenas continue to be served without issue, and depositions carry on, albeit via telephone or videoconferencing platforms such as Zoom. The Parties' Joint Motion suggests these discovery efforts and options have not been sufficiently explored or exhausted. Should that not be the case, the Parties should make every attempt to enlighten the Court as to what COVID-specific challenges they have faced throughout discovery, what steps they have taken to address those challenges, and how a continuance of the Scheduling Order would alleviate lingering concerns about meeting existing deadlines.

      Should the Parties continue to seek an extension of any dates in the Scheduling Order, they may renew their Joint Motion, consistent with this Order, and are encouraged to promptly make such filing.

**IT IS SO ORDERED.**

Dated: November 18, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge