UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE DROZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; RICHARD FISCHER; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-CV-1277-W-WVG<br><br>**ORDER ON RENEWED JOINT MOTION FOR PROTECTIVE ORDER** |

  On November 25, 2020, the Parties filed the pending Joint Motion for Protective Order Regarding Confidential Information ("Joint Motion"), seeking to preserve the confidentiality of certain documents and information to be exchanged throughout this litigation. (Doc. No. 31.) Having reviewed and considered the Parties' submission, the Court finds the Joint Motion fully complies with all applicable rules, including this Court's Civil Chambers Rule V: Stipulated Protective Order Provisions for Filing Documents Under Seal. Accordingly, the Court GRANTS the Joint Motion in its entirety. Upon issuance of this Order, the following language, as proposed and stipulated to by the Parties, shall become immediately enforceable:

WHEREAS the parties, through counsel, agree that a Protective Order (the "ORDER"), pursuant to Federal Rule of Civil Procedure 26(c), is necessary to protect the confidentiality of documents and other information produced or disclosed in this action; and

WHEREAS the parties acknowledge that this Order does not confer blanket protection on all such documents and other information, but only on those entitled under applicable law to such protection;

THEREFORE, in accordance with the Parties' stipulation(s):

1. SCOPE OF ORDER:

This order shall govern the handling of documents; depositions; deposition exhibits, testimony, and transcripts; interrogatory responses and responses to requests for admissions; pretrial testimony; affidavits, declarations, affidavit exhibits, and declaration exhibits; pleadings; evidence; and any other information produced, furnished or disclosed by any Party to any other Party in the above-captioned action (the "ACTION"). This information shall be referred to as "LITIGATION MATERIAL".

2. ADDITIONAL DEFINITIONS:

(a) PARTY shall mean any Party to this Action, including its officers, directors, employees, consultants, retained experts, outside counsel and support staff.

(b) PRODUCING PARTY shall mean any Party that produces, furnishes, or discloses Litigation Material in this Action.

(c) RECEIVING PARTY shall mean any Party that receives Litigation Material from a Producing Party.

(d) DESIGNATING PARTY shall mean a Party that designates Litigation Material as Confidential Information.

(e) EXPERT shall mean a person retained by a Party or its attorneys to give expert testimony in this Action who has been or will be disclosed pursuant to Federal Rule of Civil procedure 26(a)(2).

(f) CONSULTANT shall mean a person retained by a Party or its attorneys to consult with or advise it in this Action.

(g) PROFESSIONAL VENDORS shall mean persons or entities, including but not limited to court reporters, providing litigation support services, including but not limited to copying and exhibit preparation, in this Action.

(h) CONFIDENTIAL INFORMATION shall mean Litigation Material that would qualify for protection under standards developed pursuant to Federal Rule of Civil Procedure 26(c) and applicable law.

(i) PROTECTED MATERIAL shall mean Litigation Material that has been designated as Confidential Information. However, under no circumstances shall Protected Material be interpreted to include material or portions of material that were derived or obtained by a Receiving Party independent of discovery from a Party in this Action, whether or not such materials or portions of materials were also obtained through discovery in this Action. Nor shall Protected Material be interpreted to include that material which:

a. was developed in public or was otherwise in the public domain at the time of its use or disclosure;

b. became part of the public domain after the time of the use or disclosure, through no fault of the Receiving Party;

c. was received from a third party who was under no obligation of confidentiality to the Producing Party; or

d. is comprised of a Party's own information, even if previously deemed by that Party to be Confidential Information, so long as that Party thereafter deems it appropriate to disclose.

3. DESIGNATION OF PROTECTED MATERIAL:

(a) Designation of Documents and Things

Any Designating Party having a good faith belief that Litigation Material meets the definitions set out in either Paragraph 2(h) above, may designate at or prior to the time of production such Litigation Material as Confidential Information by placing on each page

and thing to which the designation applies the legend "Confidential Information Subject to Protective Order." All documents and things, and copies thereof, produced in this Action shall be given unique bates production numbers by the Producing Party, and each Producing Party shall identify itself by use of a unique production number prefix.

(b) Objection to Designation

At any time, and consistent with the Court's Scheduling Orders, any Party may object to the designation of Litigation Material as Protected Material by providing counsel for the Designating Party with written notice of its objection and the reasons for it. Within 10 calendar days thereafter, the Designating Party shall provide a written statement of the basis for the designation. Within 5 calendar days thereafter, the parties shall confer in a good faith effort to resolve the objection. If it is not resolved, the objecting party shall have 20 calendar days from the date of the conference to apply to the Court, pursuant to Federal Rules of Civil Procedure 7(b) and 26(c), for an order declaring that the designation to which it objects is not consistent with this Order.

Upon objection, Protected Material shall be treated as designated until

(i) the Designating Party removes the designation; or

(ii) the Court grants the objecting party's motion.

On such motion, the Designating Party shall have the burden of establishing that its designation is consistent with this Order.

4.   USE AND DISCLOSURE OF PROTECTED MATERIAL:

A Receiving Party may use Protected Material only to prosecute, defend, or attempt to settle this litigation. Unless otherwise ordered by the Court or authorized in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a)   its Outside Counsel;

(b)   Experts, to whom disclosure is reasonably necessary for the purposes of this litigation, who have signed the Agreement to Be Bound in the form attached hereto as Exhibit A;

(c) Consultants, to whom disclosure is reasonably necessary for the purposes of this litigation, who have signed the Agreement to Be Bound in the form attached hereto as Exhibit A;

(d) testifying witnesses, to whom disclosure is reasonably necessary for the purposes of this litigation, who have signed the Agreement to Be Bound in the form attached hereto as Exhibit A;

(e) the author of the document or source of the information;

(f) any person having knowledge of the Protected Material demonstrably acquired in the ordinary course;

(g) the Court and its personnel;

(h) Professional Vendors, to whom disclosure is reasonably necessary for the purposes of this litigation, who have signed the Agreement to Be Bound in the form attached hereto as Exhibit A;

(i) Law enforcement personnel for purposes of investigating or initiating the investigation of potential unlawful acts.

5. FILING PROTECTED MATERIAL:

Without written permission from the Designating Party or an Order entered by the Court on noticed motion, no Party shall file in the public record any Protected Material. By executing this Order, each Party agrees to stipulate, and hereby does stipulate, to the filing of Protected Material under seal, subject to the applicable rules and procedures of the Court.

No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

6. **SUBPOENAS OR ORDERS TO PRODUCE PROTECTED MATERIAL:**

If a Receiving Party or its counsel is served with a subpoena issued or Order entered in other litigation that would compel disclosures of Protected Material, the Receiving Party or counsel receiving the subpoena or Order shall provide counsel for the Producing and Designating Party with a copy of that subpoena or Order by facsimile or email. The Producing and Designating Party holds the burden of moving to quash that subpoena or Order.

7. **USE OF PROTECTED MATERIAL AT TRIAL:**

At the trial of this case, the parties agree that the protection of the confidentiality of Protected Material shall continue to the extent permitted by the Court, pursuant to such procedures as the Court may require.

8. **FINAL DISPOSITION OF PROTECTED MATERIAL:**

(a) Unless the Court orders otherwise, within three years after the conclusion of this litigation, the Receiving Party, and any other individuals or entities who have signed the Agreement to be Bound, must destroy all Protected Material.

(b) Notwithstanding this requirement, counsel for the Receiving Party may retain a record of the Action, including but not limited to

1. its correspondence file;
2. its pleadings file;
3. any briefs or appendices on appeal;
4. all work product of counsel, including but not limited to notes, outlines, legal research and document drafts;
5. deposition transcripts and accompanying exhibits;
6. all materials used in preparation for mediation or for purposes of attempted settlement of this Action.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL:**

If a Receiving Party discloses Protected Material inadvertently or in some other manner not authorized by this Order, it shall immediately notify the Designating Party of

the disclosure, make a good faith effort to obtain the return of the Protected Material, and provide a copy of this Order to the person or entity to whom the unauthorized disclosure was made.

10. NO WAIVER OR ADMISSION:

Nothing in this Order shall waive or prejudice the right of any Party to object to disclosure or admission into evidence of Litigation Material on any proper ground, including that of privilege. Nothing in this Order shall waive or prejudice the right of any Producing Party to use or disclose its own Litigation Material. Execution or compliance with the terms of this Order shall not operate as an admission that any particular Litigation Material is or is not relevant to this Action, and the designation or non-designation of Litigation Material shall not be admissible as evidence in the Action for any purpose.

11. RELIEF FROM ORDER:

Nothing in this Order shall waive or prejudice the right of any person to move or apply to the Court for an Order modifying it.

12. SURVIVAL OF OBLIGATIONS:

This Order shall remain in effect until modified, superseded, or terminated by written agreement of the Parties or further order of the Court.

13. AGREEMENT TO TERMS:

By their signature upon the Joint Motion for entry of this Protective Order, counsel for the parties signify their understanding of this Order and their agreement to abide by its terms unless and until it is modified or superseded by further Order of this Court.

**IT IS SO ORDERED.**

Dated: November 30, 2020

_____
Hon. William V. Gallo
United States Magistrate Judge